By the Court :
The object of filing a bill of revivor is to bring the parties to be -affected by the decree before the court. If these parties *be of full age it is indispensable that they be served with process to appear or voluntarily enter their appearance. Without one or the other no proceedings can be regularly had against them. If the *342 defendants in the bill of revivor be minors, a guardian ad litem, must be appointed for them, who must accept the appointment, and who must be brought before the court, as in other cases, by his voluntary act or by process. When the defendants in a bill of revivor appear, they may abide by the ancestor of the deceased defendant or answer for themselves. If the deceased defendant, have not answered the new defendants must answer, or a decree pro confesso be taken against them, before a final decree can be-pronounced. This is the only correct course of practice, as is fully established by the authorities adduced on the part of the complainant, which are in conformity to the practice in our courts. ■
In the case before us the defendants in the bill of revivor were' all minors but the administrator. For these minors a guardian ad litem was appointed. But there is nothing in the record to show that he ever accepted the ajjpointment, or appeared or was notified to appear. No act seems to have been done by him. No answer is filed, no election to abide by the answer of the ancestor is made, no rule or order taken to obtain an appearance or answer. The final decree against the heirs is thus made against parties not in court, and who upon no principle of justice ought to be precluded by that decree. The fact that the ancestor had answered" does not vary the case. If that answer concluded them without their being heard, they must nevertheless be in court to be bound by the decree. There is, therefore, error in this particular in the decree, for which it must be reversed.
In both the bill and answer various matters of account were introdueed, and claimed and contested between the parties. Smith claimed that St. Clair was indebted to him for moneys advanced for partnership purposes, in erecting mill works upon the lands in. question. And it was in part, at least, upon this indebtedness of' St. Clair, that tho bill sought to raise a trust for Smith in St. Clair’s last purchase of the land. St. Clair, in his answer, denied that he owed Smith anything, and insisted, on the contrary, that Smith was largely his debtor. This question of indebtedness-*ought to have been settled before a decree was pronounced, charging St. Clair as a debtor. For conceding that the trust was established, St. Clair could not be required to pay to Smith any part of the profits arising on the sales of the lands, if Smith were indebted to him, as claimed, upon other accounts. Until an account was taken of all the money transactions set forth in the bi1? *343 and answer, no correct decree could probably be made. It could1 not be material whether this account was taken by a master or by the court themselves. But it does not appear to have been taken at all, and the data upon which the counsel for the present defendants place the decree admits that all transactions were disregarded, except such as related to the last purchase and to the sales-of the land. This was erroneous, and supplies another ground for reversing the decree.
Upon the hypothesis assumed in the bill, St. Clair was debtor to the complainant-for one-half of the profits received upon the lands sold, and was trustee for him for one undivided half of the-lands unsold. There is nothing in this state of the ease that would give to the complainant a lien for the moneys due upon the land unsold. In this respect, both as against St. Clair and his creditors, the debt would stand upon the same foundation with other debts, and a decree should have been made against the administrator only for the amount. And against the heirs partition should have been decreed, as in the ordinary case of a tenancy in common, originating in a trust and decreed in equity. The decree in this case setting apart a portion' of the land to the complainant, in severalty, can not be supported upon any known or safe principles.
The direction that the infants, shall convey with warranty, is also erroneous. Infants are not capable in law of making covenants to bind themselves. A court of equity can not decree them to do it. The decree is not the less erroneous that it has operated no prejudice.
For these reasons the decree is reversed, and the cause is retained and remanded to the Supreme Court of Butler county, for further proceedings.