*SEPT'R TERM, 1841.*

*Hinson v. The State.*

*'Crimes and Punishments' (R. C. 1835, p. 206,) for "lewdly and lasciviously" abiding and cohabiting, it is sufficient to charge the offence as having been committed on a certain day, and it is not necessary to charge the offence with a continuando. It seems that proof of a single act of such criminal intercouse would not of itself be sufficient to sustain the indictment.*

## Ross v. Crutsinger.

Fraud in fact is a question with the jury, and any secrecy in the transaction, or circumstances indicative of concealment, or of a design to give one the appearance of being the owner of property which he does not own, are circumstances of fraud. But the jury are to weigh such evidence, and may or may not deduce fraud in fact therefrom.

Appeal from the Circuit Court of St. Louis county.

*Bowlin & Woodruff for Appellant.*

1st. That the circuit court erred in refusing the instruc-

SEPT'R  TERM,
1841.

Ross
v.
Crutsinger.

tions asked by the defendant's counsel. The three first of which were in substance : That the possession of personal property by the vendor, after the sale, whether absolute or in trust, is fraudulent and void in law as against creditors prior or subsequent, and would be subject to execution or attachment, as any other property of the vendor in possession. 6th vol. Mo. Reps. p. 575; the R. C. page 283, Statute of Frauds; 3 Mo. Rep. 290; 2d vol. Mo. Rep. 231; 15 vol. Wendall, 212; 1 Powell on Mortgages, pages 36, 37, 8 Term Rep. 140 ; 3 Maul and Selvin, 374 ; 3 Price, 6 ; 9 Johnson, 337.

2d. That the court erred in refusing the fourth instruction, which is, in effect, that the conveyance of chattels and retaining possession in the vendor, without recording the deed or giving notice, is void as against creditors and subsequent purchasers, and if void as against creditors, it is equally void as to purchasers under their executions. Statute of Frauds, page 283, R. C.; Mo. Rep. vol. 6th, 575; 3 Mo. R. 290, and the authorities above quoted.

3d. That the court erred in its instruction to the jury. It had no application to the case before the court in the proof ; it is a mere abstraction, and however good it might be, as an abstact principle of law, it afforded no light to the jury, but served to confuse them.

4th. That the court erred in refusing a new trial, for the verdict was clearly against the evidence, both as it regards the principles involved in the case, and the amount of the damages, being more than double as much as fixed by any witness. See Trime's case, reported in the Law Library, vol. 19, page 1 ; see also authorities above referred to.

*J. B. Walker, for Appellee.*

1st. There is a distinction between an absolute and a conditional sale of chattels, as to the vendors retaining possession after sale. The possession by vendors after sale, even in an unconditional sale, is not a fraud *per se*, but only a badge of fraud, that may be rebutted by evidence that it was a *bona fide* transaction, and the possession was consistent

with the agreement. honestly made.   Brooks v. Powers, 15 Mass. Reps. 244; Badlaw v. Tucker, 18 Mass. Rep. 389.

2d.  The possession by vendor, of personal property, after sale, if it be a conditional sale or mortgage, is no evidence of fraud, because such possession may be consistent with the trust or mortgage deed, and is not presumed to give a false credit to vendor.   And if goods are mortgaged to secure a debt, and there be an agreement that mortgagor shall retain possession, a fraudulent sale against creditors cannot be presumed.   Badlaw v. Tucker, 18 Mass. Rep. 389 ; 2 Kent's Com. pages 512, 531; Marsh v. Lawrence, 4 Cowen, 461; Burrow v. Paxton, 5 Johns. 258; Beals v. Guernsey, 8 Johns. 416; Craig v. Ward, 9 Johns. 197; Anderson v. Van Allen, 12 Johns. 343; Cole v. Davies, 1 Ld. Raymond, 724, cited in Sturtevant v. Bullard, 9 Johns. 340; and Maggott v. Mills, 1 Ld. Raymond, 286.

3d.  In this case there was no possession after mortgage inconsistent with the deed, and the creditor, Clopper, had notice of the deed of trust before attaching, and the defendant below, had notice of the deed before purchasing under the execution in favor of Clopper.   The deed of trust then cannot be fraudulent on account of secrecy as to them.

4th.  A mortgage of personal chattels, without change of possession, has been held valid—In Maine, 3 Shepley's Rep. 48,) cited in 46th No. Amer. Jurist, 447) ; in Massachusetts, 18 Mass. Rep. 389 ; in New Hampshire, 5 N. H. Rep. 545 ; in New York, 19 Wendall Rep, 514, (cited in 44th No. American Jurist, 453 ; also, in case of Hoe & Co. v. Lock, (a recent case reported in New York Courier of Jan. 14th. 1841) ; New Jersey, Halstead's Reps. 155 ; North Carolina, 1 Badger v. Devereaux, 76, cited in 2 Kent, Virginia ; 6 Randolph's Reps. 82 ; Tennessee, 3 Yerger's Rep. 475, 502; Kentucky, 2 Dana's Rep. 204.

*Opinion of the Court by Tompkins, Judge.*

Ross was plaintiff below, and having obtained a judgment against Crutsinger, he appealed to this court.

On the trial of the cause the plaintiff gave in evidence a

deed of trust made by one Hervey to the plaintiff for the benefit of James S. Queissenberry, upon a horse which was the property in question in this suit, and a lot of groceries at a store in the neighborhood, to secure the sum of two two hundred and twenty-five dollars, which the maker of the deed admits in his deed to be due to Queissenberry, the one half on the first day of September, and the other on the first day of January then next, viz: after the 19th day of May, 1838. The horse was sold on execution, and Crutsinger became the purchaser, with the knowledge of the deed of trust above mentioned. The horse had been purchased by Hervey aforesaid from Queissenberry, and to secure the payment for this horse the deed had been made as aforesaid to the plaintiff, giving him for Queissenberry's use this lien on the horse and groceries.

The defendant then proved that Hervey for about one year had this horse in his possession next before he was taken into possession by the officer who sold him under process issued by a justice of the peace. The witness stated that Hervey claimed and used the horse as his own; also that he never heard that either Queissenberry or the plaintiff set up any claim to the horse till Hervey left the country: that Hervey left the country in debt, and under pretence of an intention to return: that he left the country indebted to the witness and others to the amount of two or three hundred dollars, in the spring of 1839, and told the witness to keep the horse till his return: the witness claimed the horse to pay for his keeping; but his claim was not allowed. Witness was neighbor to Queissenberry, and Hervey had boarded with him at his house, and kept the horse there. It was a seed horse. The plaintiff in the execution under which the horse was sold, testified that he had seen the deed of trust, and knew of it before he attached the horse: that the debt which the horse was sold to satisfy, was contracted for money loaned to Hervey to purchase the horse. This witness, with several others, testified to the same facts mentioned by the first witness of the defendant. The defendant also examined Ross, the plaintiff, who stated that he had never been informed that the horse had been conveyed to

him in trust until Hervey had left the country, although <span>SEPT'R TERM,</span> Hervey before he left the country, had told him that he had <span>1841.</span> purchased the horse.

Ross v. Crutsinger.

This being the evidence in the cause, the counsel of the defendant and appellant moved the court to instruct the jury—

1st. That in all transfers of personal property, in order to make the transfer valid as to creditors and subsequent purchasers, it is necessary that possession should accompany the deed or instrument conveying the property, unless there be some sufficient reason shown for the possession not being changed.

2d. That when personal property is mortgaged or conveyed in trust, for the purpose of securing a creditor, it is necessary that the possession should be changed, otherwise the property thus conveyed will be subject to execution, attachment, or the claim of subsequent purchasers.

3d. The mortgagee is entitled to the possession of personal property, and in order to protect such property from the claim of creditors, it is necessary that the possession should be given at the time of giving the mortgage; or a sufficient reason given for the property not being given at that time.

4th. A conveyance in trust of a chattel interest, unless the possession accompanies the transfer, or the deed of trust is recorded, is fraudulent against creditors and subsequent purchasers without notice, and if it was fraudulent as against Clopper, the attaching creditor, it is equally so against the purchaser under Clopper's judgment.

The circuit court refused to give these instructions, but gave the following, viz:

Fraud in fact is a question with the jury, and any secrecy in the transaction, or circumstance indicative of concealment, or of a design to give a man the appearance of property which he does not own, are circumstances of fraud, but the jury are to weigh such evidence, and may or may not find or deduce fraud in fact therefrom. The defendant excepted to the opinion of the court refusing to give the instruction asked by him, and also to the instruction given as above by the court.

Fraud in fact is a question for the jury, and any secrecy in the transaction, or circumstances indicative of concealment, or of a design to give one the appearance of being the

27

SEP'R TERM, 1841.

Ross
v.
Crutsinger.

owner of property which he does not own, are circumstances of fraud. But the jury areto weigh such evidence, and may or may not deduce fraud in fact therefrom.

In the case of Shepherd v. Trigg, decided at Lexington at the last term of this court held there, it was decided that although property mortgaged by the father of Trigg, the defendant in error, had remained in the possession of the father till his death, the son living under the same roof with the father all the time, this was not conclusive evidence of fraud. This court decided that the circuit court committed no error in permitting the defendant in error to give evidence to the jury of a valuable consideration paid, and other evidence to prove the honesty and fairness of the transaction. That case not now being before us, we cannot go into any detailed examination thereof, nor do I conceive it necessary. I am not inclined to believe that the circuit court committed any error in refusing to give the three last of the instructions asked by the defendant. The instruction given by the court seems to have supplied well enough the place of the first asked by the defendant, and the jury seem to have been told plainly enough that they were at liberty to find for the defendant, if they had thought there was any thing fraudulent in the transaction betwixt Queissenberry and Hervey. Ross seems to have been a mere nominal party to the suit.

The judgment of the circuit court is therefore affirmed.