77 641
101 610

77 641
66a 413

77 641
77a 421

## Rupe v. Alkire et al., Appellants.

1. **Fraudulent Conveyances.** A sale made with the intent either to hinder or to delay creditors, is fraudulent; it is not necessary that the intent be to hinder *and* delay.

2. ———: INSOLVENCY. Neither insolvency of the vendor, nor knowledge thereof by the purchaser, is a necessary ingredient in a fraudulent sale.

3. ———: VENDEE'S LACK OF CAUTION: WILLFUL IGNORANCE. Mere want of caution in dealing with a fraudulent vendor will not implicate the vendee in the fraud. But if he knows enough of the purposes of the vendor to put a prudent man on inquiry, it will be his duty to make reasonable inquiry, and if he fails of this, he will be charged with notice of the fraud.

4. ———. Upon the sale of a stock of goods to be paid for in land, the purchaser, at the instance of the vendor, conveyed the land to the minor children of the latter. *Held*, that this did not, of itself, invalidate the sale of the goods; but if the vendor was insolvent the land might be subjected to the payment of his debts.

*Appeal from Carroll Circuit Court.*—HON. E. J. BROADDUS, Judge.

REVERSED.

*Eads & Graham* and *Hale & Sons* for appellants.

*Waters & Wyne* for respondent.

HENRY, J.—Plaintiff sued defendants for damages for the seizure by them of a stock of groceries, and, also, for taking possession of the store-room in which he conducted his business, and withholding from him the possession thereof for a period of five days, to the destruction of his said business. The answer was a general denial, and also set up, specially, that Winfrey, one of the defendants, as sheriff of Carroll county, seized the goods under writs of attachment, in favor of the other defendants, against D. Meyers & Co., and as the property of said firm. The replication denied the firm's ownership of the goods. The seizure of the goods by the sheriff under the attachment, was admitted; and it was proved that plaintiff purchased the goods of D. Meyers & Co. before the attachments were issued. There was sufficient evidence tending to prove the sale fraudulent, to warrant the court in submitting the question of fraud to the jury.

The court gave three instructions for plaintiff, attempting to define a fraudulent sale under the statute, in the first and second of which the jury were told that plaintiff was entitled to recover, unless the sale by Meyers & Co. was fraudulent, and made, with plaintiff's knowledge, to delay and hinder the creditors of said firm. This required them to find that the sale was made to hinder and delay, while the statute declares a sale void made with the intent to hinder or delay creditors. A sale made with either intent is a fraudulent sale, and while it is no easy matter to distinguish between an intent to

1. FRAUDULENT CONVEYANCES.

hinder and an intent to delay, in *Burgert v. Borchert*, 59 Mo. 83, this court held an instruction similar to this, erroneous.

The second instruction is manifestly erroneous in another respect. It declares that plaintiff is entitled to recover, unless the jury should find that, at the time of the sale, Meyers & Co. were insolvent, and that the sale was made to hinder and delay their creditors, and that plaintiff then knew they were insolvent, and that the sale was made by them with the intent to hinder or delay their creditors. Whether insolvent or not, Meyers & Co. might have made a sale of their goods with the intent to cheat and defraud their creditors, and if plaintiff knew of that intent, that was sufficient to make the sale void as to creditors of Meyers & Co. It was, therefore, wholly immaterial in that aspect of the case whether Meyers & Co. were solvent or insolvent, or if insolvent, whether plaintiff knew it or not.

2. ——: insolvency.

The court, at defendants' instance, gave seven instructions, which fairly presented the law applicable to the evidence in the cause, and refused six asked by them. The seventh refused should have been given. It was as follows: " The jury may, in order to determine whether the plaintiff had knowledge of the fraudulent intent of Meyers & Co., take into consideration the acts and declarations of the plaintiff and Meyers, as well as all the facts and circumstances surrounding the whole transaction; and if the jury believe from the evidence that sufficient knowledge was obtained by the plaintiff to put him upon his inquiry, then the jury have the right to infer that the plaintiff had knowledge of the fraudulent character of the transaction, if they further find it was in fact fraudulent." Bigelow on Fraud, 288; Bump on Fraudulent Conveyances, 231, 232; *Warren v. Swett*, 31 N. H. 332; *Cambridge Valley Bank v. Delano*, 48 N. Y. 326; *Acer v. Westcott*, 46 N. Y. 384; *Willis v. Vallette*, 4 Met. (Ky.) 186; *Woodworth v. Paige*, 5 Ohio St. 70. "A mere want

3. ——: vendee's lack of caution: willful ignorance.

of caution, however, as distinguished from fraudulent and willful blindness, is not sufficient to charge a purchaser with notice." 5 Ohio St., *supra*. And whether plaintiff was only incautious, or knowing enough to put a prudent man on inquiry with regard to the purposes of the vendors, was willfully ignorant of the facts which he could have learned on reasonable inquiry, was a question for the consideration of the jury.

The eighth instruction declared that if Meyers & Co. were indebted in an amount equal to or exceeding the value of the stock, and had no other property, individually or as a firm, subject to execution, and the land conveyed by Rupe was, by the direction of Meyers & Co., conveyed to the minor children of Mrs. James, one of the firm, without any consideration moving from them, the sale was void as to creditors of Meyers & Co. On those facts the creditors might have followed the land in the hands of the grantees, and subjected it to the payment of those demands, but, the fact that the land was so conveyed, did not, of itself, affect the purchase made by Rupe. If he purchased in good faith, his conveyance of the land to Mrs. James' children at the request of Meyers & Co., was in effect, a fraudulent conveyance of the land to them by Meyers & Co. The court did not err in refusing that instruction.

Such of defendants' other refused instructions as asserted correct legal propositions, were embraced in those given, and others were objectionable as comments upon evidence. As the cause will be remanded for another trial, it is proper to suggest that the verdict, if for plaintiff, should specify on which count of the petition it is found. The judgment is reversed and the cause remanded. All concur, except RAY, J., who having been of counsel, did not sit.