STERN AUCTION AND COMMISSION COMPANY, Appellant, *v.* ISAAC M. MASON, Respondent.

February 24, 1885.

1. REPLEVIN — PLEADING AND PRACTICE — EVIDENCE. — In an action of replevin any fact which tends directly to disprove right of possession in the plaintiff may be shown under a general denial.

2. —— FRAUDULENT CONVEYANCES. — In such an action, fraud in the acquisition of the plaintiff's title may be proved by the defendant under the general denial.

3. —— INADEQUACY OF PRICE — PRACTICE — In cases of conveyances affect-
ing creditors, inadequacy of price coupled with circumstances of secrecy
and concealment is sufficient to take the case to the jury.

4. EVIDENCE — PRACTICE. — The introduction of improper evidence which
can not, under the circumstances of the case, prejudice the appellant, is
not ground for a reversal.

5. NOTICE. — He who has knowledge of facts sufficient to put him upon
inquiry, is chargeable with notice of the facts which inquiry would have
disclosed.

APPEAL from the St. Louis Circuit Court, LUBKE, J.
*Affirmed*.

KRUM & JONAS, for the appellant: Under a general de-
nial evidence of fraud in the acquisition of the plaintiff's
title is inadmissible. — *Frisbee* v. *Langworth*, 11 Wis. 375;
*Glazer* v. *Clift*, 10 Cal. 303; *Hoxell* v. *White*, 1 Moo. & R.
400; *Gray* v. *Earle*, 13 Iowa, 188; *Demick* v. *Chapman*,
11 Johns. 132; *Ely* v. *Ehle*, 3 Comst. 511; Bliss C. Pl.,
sect. 329; *Northrup* v. *Insurance Co.*, 48 Mo. 444.

DYER, LEE & ELLIS, for the respondent: Under a gen-
eral denial in replevin evidence that the plaintiff acquired
his pretended title by fraud is admissible. — *Young* v. *Glass-
cock*, 79 Mo. 574; *Greenway* v. *James*, 34 Mo. 328; *Bosse*
v. *Thomas*, 3 Mo. App. 472.

ROMBAUER, J., delivered the opinion of the court.

The defendant, as sheriff of the city of St. Louis, and
under a writ of attachment issued at the instance of one
Van Ingen against one Greene, took the property in con-
troversy out of the plaintiff's possession. The plaintiff
thereupon brought this action and took the property out of
the defendant's possession by writ of replevin.

The plaintiff's petition is in the form usual in such
actions, and states the value of the property at $2,000.
The defendant's answer is a general denial, with an asser-
tion of claim and a prayer for the return of the property.

The following facts are conceded by the testimony:—

*First.* That Greene, was a merchant tailor and sold and

delivered his entire stock of merchandise for the sum of $2,000 to the plaintiff, who was the proprietor of an auction house.

*Second.* That Greene, at the time of such sale, was in embarrassed circumstances and largely indebted to Van Ingen and others for the merchandise thus sold.

On the trial in the court below the jury found in favor of the defendant, and the plaintiff being in possession of the property, assessed the value thereof at $3,420, and the court thereupon rendered judgment in favor of the defendant against the plaintiff and its sureties, for the return of the property, or its assessed value, at the defendant's election.

The appeal is prosecuted by plaintiff from this judgment, and the errors complained of by it in this court are : —

*First.* That the court erred in admitting evidence bearing on the question of fraud in the sale of the property from Greene to the plaintiff, because such evidence was inadmissible under the pleadings.

*Second.* That the court erred in admitting evidence bearing on the question of Greene's intent to hinder or delay a particular class of creditors.

*Third.* That the court erred in refusing to instruct the jury on the plaintiff's request that there was no evidence that in making the sale of goods to the plaintiff Greene intended to hinder, delay, or defraud his creditors.

We shall examine these objections in detail, in order to determine whether any of them are well founded.

There is no merit in the plaintiff's first objection. It has been repeatedly held in such actions, that anything that tends to controvert directly ownership and right of possession in the plaintiff may be shown under a general denial. *Shulenburg* v. *Harriman*, 2 Wall. 58, 59 ; *Caldwell* v. *Bruggemann*, 4 Wis. 276. Moreover we find the objection definitely disposed of by the ruling of the court in *Young* v.

*Glascock* (79 Mo. 575, 577), which was in most respects identical with the case at bar, and where the court in overruling the same objection holds, that any proof on part of the defendant, which goes to show that the plaintiff at the time of the institution of the suit was not the actual owner, and was not entitled to the possession of the property, is admissible under the general issue, *even though it extend to the proof of fraud in the acquisition of the plaintiff's title.*

The second complaint of the plaintiff is based on this fact. In the course of the examination of Greene, the defendant in the attachment, who was examined on behalf of the defendant, he stated that his purpose and object in making the sale was to pay people from whom he had borrowed money. Thereupon the following question was put to him by the defendant's counsel: —

"*What with reference to creditors for merchandise?*" Counsel for the plaintiff objected to the testimony as incompetent, but the court overruled the objection, stating that what the purpose and intent of the vendor was is a question for the jury. The witness then answered the question as follows: "*My purpose was to pay out as much as I got, and pay the rest as soon as I could get on my feet to pay it.*" Now, disregarding the fact, that the objection, if tenable at all, was not put on the proper ground, and conceding for the sake of argument the further fact that inquiry into the vendor's purpose and intent in regard to a particular class of creditors is irrelevant, it is not apparent how the answer of the witness, which does not tend to show any purpose or intent on his part to hinder or delay by the sale any of his creditors, could have prejudiced the plaintiff. As the sale covered the entire stock of the vendor, the effect of the sale, on other creditors except such as he saw fit to pay out of the proceeds, was self-evident, and his answer does not even emphasize this effect. But beyond this the court at the instance of the plaintiff

instructed the jury that the mere fact that the sale had this operation, was not of itself sufficient to avoid it, and that Greene had the lawful right, although insolvent, to sell his goods to the plaintiff, or to any one else, provided he did so with an honest purpose.

We are of opinion therefore that there is no merit in the plaintiff's second objection.

The plaintiff's third objection rests on the ground that there was no evidence in the case which justified the court to submit the question of fraud in the sale by Greene to the plaintiff to the jury. That the court erred in refusing the plaintiff's instruction stating that there was no such evidence, and further erred by giving the defendant's instructions based upon hypothetical facts, from which the jury might find such fraud.

The testimony tended to show the following facts: The market value of the goods, even disconnected from the vendor's business, was according to the vendor's testimony about $3,800 to $4,000. The actual price which the plaintiff paid for them was $2,000. The inadequacy of the price paid was therefore virtually conceded by the testimony.

It was held in *Robinson* v. *Robards* (15 Mo. 459), that in all cases of conveyances affecting creditors the inadequacy of price is a circumstance of great weight against the validity of the sale. In *Curd* v. *Lackland* (49 Mo. 454) approved in *Ames* v. *Gilmore* (59 Mo. 549), it was held that gross inadequacy of price is one of the badges of fraud, and becomes controlling when coupled with other circumstances tending to show fraud. The inadequacy of price in the sale from Greene to plaintiff was sufficient to take the case to the jury on the question of fraud, coupled, as it was, with circumstances of secrecy and concealment in the consummation of the transaction. *Ross* v. *Crutsinger*, 7 Mo. 249.

There was also testimony tending to show that one Alof,

the agent of Van Ingen, was at Greene's store when Stern, plaintiff's agent, came there to examine the goods, with a view of closing the purchase. That this examination only lasted a few minutes. That Greene made some remarks to Stern, with a view of misleading Alof as to the object of Stern's presence, and then told Stern that Alof was one of the parties from whom he (Greene) had bought the goods, and that he wanted to get him out of the store. That he subsequently did get Alof out of the store, and no sooner was he out of the store, than the removal of the goods to plaintiff's auction house began. That removal was almost wholly completed the same afternoon.

The solicitude of the vendor to conceal the transaction from one of his creditors, and the anxiety on his part to remove the agent of the creditor from the store before any part of the goods were moved, being communicated to the purchaser, were facts sufficient to put such purchaser upon inquiry. If the facts were sufficient to put him upon inquiry, and he failed to make it he is chargeable with notice. *Rupe* v. *Alkire*, 77 Mo. 643. We believe, therefore, that there is no merit in plaintiff's third objection, and as the case was put to the jury on instructions otherwise unobjectionable, the judgment of the trial court should be affirmed. The other judges concurring it is affirmed.