CORTES V. PUGH, Respondent, v. W. IRVINE WILLIAMSON *et al.*, Appellants.

St. Louis Court of Appeals, February 12, 1895.

1. **Replevin**: PLEADINGS: EFFECT OF GENERAL DENIAL. In a replevin suit the defendant may, under a general denial by answer, show anything which tends to disprove the title or right of possession of the plaintiff.

2. **Res Adjudicata**: EFFECT OF FORMER ADJUDICATION. When a defense at issue under the pleadings in one action has been determined by the judgment in the cause, it can not be again invoked in a subsequent action between the same parties, although the party seeking to invoke it was defeated in the first action owing to the lack of evidence which he has obtained in the second.

*Appeal from the Pike Circuit Court.*—HON. REUBEN F. ROY, Judge.

AFFIRMED.

*Major & Stewart* and *J. D. Hostetter* for appellant.

The uniform rule is that, in replevin suits, only the naked question of possession is involved, unless the parties in interest set up and plead special matter to defeat the action. In the replevin suit of *Pugh v. Ayres*, defendant filed a statutory answer merely. Therefore, nothing was, or could have been, adjudicated in that suit save the question of possession. 21 Am. and Eng. Encyclopedia of Law, page 255, note 1; *Railroad v. Levy*, 17 Mo. App. 501; *Railroad v. Atkinson*, 17 Mo. App. 484; *Allen v. Butman*, 138 Mass. 586; *Wing v. Bishop*, 3 Allen, 487; *Horton v. Hamilton*, 20 Tex. 506; *Lewis' Appeal*, 67 Pa. St. 153; *Case v. Gorton*, 33 Mo. App. 606.

*Jos. Tapley* and *Elijah Robinson* for respondent.

BIGGS, J.—This is an action on a promissory note, dated March 4, 1889. The appellants admitted the execution of the note, but averred that by agreement it was deposited with Thomas J. Ayres, and that it was not to be delivered by Ayres, or to become binding on the defendants, unless the plaintiff should, within thirty days from that date, execute and deliver to the defendants a deed conveying to them the right to make, and sell, a certain buggy top spring in the states of Indiana and Ohio; that the plaintiff failed to deliver the deed within the prescribed time, and that thereby the consideration for the note wholly failed.

As a further defense, it was charged that the note was given for the right to sell the buggy top spring, as

before mentioned, of which the plaintiff claimed to be the inventor, and that the plaintiff falsely and fraudulently represented to the appellants that he had applied for a patent for the invention, when, in fact, his application for the patent was not filed until long afterward.

The replication contained a general denial of the new matter set forth in the answer. It was admitted, however, that the note was delivered to Ayres, but it was alleged that Ayres was to deliver it to the plaintiff at such time as plaintiff might be able to make the aforementioned deed, it being understood and agreed that the deed could not be made until the plaintiff procured his letters patent, which it was supposed would require from four to six months from that date; that he did procure the patent within six months from that time, and that he immediately executed and tendered to the defendants a deed, thereby fully complying with the contract on his part.

The reply also contained a plea of *res adjudicata* as to the first defense attempted to be made. The plea was, in substance, that, after the tender of the deed, as above mentioned, Ayres, acting under the instructions of the defendants, refused to deliver the note to plaintiff, and that thereupon plaintiff brought an action of replevin in the circuit court against him for the possession of the note; that the appellants employed counsel and defended the suit; that the matters which are now pleaded in the answer of appellants were there set up, and relied upon as a defense; that evidence was introduced in support thereof, and that upon a full hearing the issues were found in favor of Ayres, and judgment rendered accordingly; that, upon appeal to the St. Louis court of appeals, the judgment of the circuit court was reversed and the cause remanded with directions to the circuit court to enter judgment in favor of the plaintiff for the possession of the note, which was done.

The only matters of which the appellants complain pertain to the admission and sufficiency of the evidence adduced by the respondent in support of his plea of former adjudication. The foundation of the objection to the admissibility of the evidence is that the answer in the replevin suit was a general denial, and that, under it, evidence of the conditions under which Ayres held the note was inadmissible, and, for that reason, it was not permissible, in this action, to show that such a defense was made and actually investigated and determined in that action. The objection is untenable. In a replevin suit the plaintiff must aver ownership of the property and the right to its immediate possession; therefore, anything may be shown under a general denial which tends to disprove his title or his right to the possession. *Stern Auction & Commission Co. v. Mason*, 16 Mo. App. 473. The supreme court has gone so far as to hold that, under it, proof is admissible of fraud in the acquisition of the plaintiff's title. *Young v. Glascock*, 79 Mo. 574.

There was abundant evidence to support the plea of former adjudication. Ayres testified that the issues in the two suits were the same. The bill of exceptions in the replevin suit was read in evidence. It contained the evidence of the appellants, and also that of the plaintiff, as to the terms upon which Ayres received the note. It was therein conceded that the agreement as to the sale of the patent was entered into and reduced to writing on the twelfth day of February preceding the execution of the note. The contract having been lost or misplaced, evidence of its contents was received, which tended to show that no particular time was specified therein for the delivery of the deed. The appellants attempted to show that subsequently, when the note was executed and deposited with Ayres, a new contract was entered into by which it was agreed that,

if the letters patent were not issued and the deed executed and tendered within thirty days from that date, then the negotiations should be at an end. The evidence of the plaintiff was that there was no new agreement, and that the only agreement was that he was to make the deed when the patent was issued. The case was appealed to this court. *Pugh v. Ayres*, 47 Mo. App. 590. We held that the evidence of the new agreement was insufficient, and that no consideration for it had been shown.

But it is insisted that the appellants ought not to be concluded by the former adjudication, for the reason that their testimony in the present action is sufficient, both as to form and substance, to establish their defense. This position is not tenable. The vice chancellor in *Henderson v. Henderson,* 3 Hare, 115, 118, states the rule thus: "Where a given matter becomes the subject of litigation in, and of adjudication by, a court of competent jurisdiction, the court requires the parties to that litigation to bring forward their whole case, and will not (except under special circumstances) permit the same parties to open the same subject of litigation in respect of matter which might have been brought forward as part of the subject in contest, but which was not brought forward, only because they have, from negligence, inadvertence, or even accident, omitted part of their case." Judge PHILLIPS in the case of *Missouri Pacific Railway Company v. Levy*, 17 Mo. App. 501, thus declares the rule: "The rule is firmly settled that when the merits of the controversy were at issue in the first suit, every objection urged in the second suit having been open to the party within the legitimate scope of the pleadings of the first action, and the whole defense might have been presented in that trial, the matter is *res adjudicata,* and must be considered as concluded by the former judgment." It,

therefore, follows that appellants' assignments concerning the admissibility of the evidence and its sufficiency must be overruled.

The second defense was submitted to the jury under instructions, to which no objection is made, and the issue was found in favor of the plaintiff. In this the appellants were accorded an advantage to which they were not entitled. There is nothing in the evidence to show that they suffered any damage or detriment on account of statements alleged to have been made by plaintiff concerning his application for a patent.

With the concurrence of the other judges the judgment of the circuit court will be affirmed. It is so ordered.