HARRY H. WESTBAY, Appellant, v. C. D. MILLIGAN & SON et al.; Respondents.

### St. Louis Court of Appeals, March 15, 1898.

1. **Pleading:** GENERAL DENIAL: EVIDENCE. Under a general denial defendant is permitted to show anything tending to disprove plaintiff's title, or right of possession, to property in dispute.

2. **Replevin:** PRACTICE, TRIAL. A second replevin can not be brought between the same parties for the same property until the first replevin has been discontinued, but there is no rule of law forbidding one, who is not a party to the replevin suit against his mere agent or bailee, from bringing a second replevin for the goods after they have been delivered to the plaintiff in the former suit.

*Appeal from the Barry Circuit Court.*—HON. JNO. C. LAMSON, Judge.

REVERSED AND REMANDED (*with directions*).

A. V. DARROCH and W. CLOUD for appellant.

The defendants had not pleaded and were not relying on the mortgage put in evidence, nor had any testimony been offered identifying the goods in controversy as being the goods covered by the mortgage and showed upon its face that the goods had been sold in the usual course of business. Therefore the mortgage should have been excluded. The court by giving instruction numbered 1, determined as a matter of law that inasmuch as the goods had been replevied by Milligan & Son from the Monett Mill and Elevator Company and other persons, with whom plaintiff had left the goods in storage that said goods should be returned to Milligan & Son regardless of their ownership or right to possession or the unlimited value thereof.

This is not law.    Cobbey on Replevin, sec.1233, p. 702, and cases cited.    The instruction was erroneous for the further reason that it instructed the jury to find the value of the property at the time of the taking.    Mix v. Kepner, 81 Mo. 93; Chapman v. Kerr, 80 Mo. 158.

Wм. H. Horine and T. J. DeLaney for respondents.

Grantee of defendants in original replevin suit can not maintain replevin if they acquired title after suit. Rights of parties must be determined in the first action and must be asserted there or be barred.    Hines v. Allen, 55 Me. 115; Rich v. Savage, 12 Neb. 413; 11 N. W. Rep. 863; Cobbey on Replevin, sec. 1227.

Bond, J.—On the twenty-first of February, 1894, A. W. Brown, of Monett, Missouri, executed a trust deed upon his stock in trade to C. D. Milligan & Son to secure his note to them for $1,500.    About one year thereafter Brown by some instrument, not shown in the evidence, turned over his stock in trade to A. V. Darroch to secure the bank of Monett and other creditors of Brown.    On the same day Darroch sold the goods and effects to H. H. Westbay, the cashier of the bank of Monett, upon the latter's agreement to assume the indebtedness provided for in the instrument to Darroch.    On the night of the same day Westbay distributed the goods for safe keeping at the houses and places of business of Darroch and others.    On the next day, to wit, February 26, 1895, Milligan & Son replevied the property from the custodians.    On the following day, February 27, 1895, Westbay brought the present suit of replevin against Milligan & Son and secured possession of the goods.    At the following term of the circuit court the replevin suit of Milligan

& Son was dismissed by them upon the disclaimer of
interest by the defendants therein.    When the present
action came on for trial Milligan & Son set up in their
answer the pendency of the suit of replevin brought by
them when the action was begun, and alleged that the
defendants in the former action were the bailees and
agents of the plaintiff in the present suit, wherefore
this was a cross-replevin and should be dismissed.  On
the trial of this suit defendants introduced, over plain-
tiff's objection, the mortgage to them from Brown.
Under the instructions of the court there was a verdict
and judgment for defendants.   Plaintiff appealed to
this court.

The first error assigned is the admission in evi-
dence of the mortgage or trust deed to defendants.
There was no error in this ruling.   The answer con-
tained a general denial, as well as a special plea.
Under the former defendants were entitled to 'show
anything tending to disprove plaintiff's title, or right
of possession, to the goods in dispute.   Pugh v. Wil-
liamson, 61 Mo. App. 168, and citations.

It is insisted that the court erred in directing the
jury to return a verdict for defendants on account of
the previous replevin brought by them against the per-
sons to whom the custody of the goods had been given
by plaintiff.  This instruction was erroneous.  A second
replevin can not be brought between the same parties
for the same property until the first replevin has been
discontinued.   Rhoades v. McNulty, 52 Mo. App. 301;
Cobbey on Replevin, sec. 1226.   But there is no rule
of law forbidding one, who is not a party to the re-
plevin suit against his mere agent or bailee, from
bringing a second replevin for the goods after they
have been delivered to the plaintiff in the former suit.
White v. Dolliver, 113 Mass. 400; Cobbey on Replevin,
sec. 1233.  In the present case plaintiff was not a party

State ex rel. v. Stuart.

to the replevin suit brought by defendants against certain persons with whom he had stored the goods, hence he, as general owner, was not debarred from retaking the goods after they had passed out of the possession of the officer who executed the former writ of replevin. As this case must be retried we deem it proper to notice one or two errors which may be prevented on the next trial. The first of these relates to the matter of the assessment of the value of the property. The general rule is that this must be made as of the date of the trial. If this should be impracticable by reason of the dispersion of the property, or for other causes before trial, the value may be estimated as of the time of the caption. Willison v. Smith, 60 Mo. App. 469. The verdict in this case was for some $300 more than claimed. This should not have been allowed. For the errors contained in the instructions of the court, the judgment in this case is reversed and the cause remanded. All concur.