KURTZ, Appellant, v. EISENSTEIN, Respondent.

St. Louis Court of Appeals, March 5, 1907.

1. **MINORS: Practice: Guardian ad litem.** Where a minor under fourteen years of age was sued, the court could not appoint a guardian *ad litem* for such minor on the first day of the return term of the writ except upon the request of some relative or friend of the minor; an appointment made on the first day without such request was reversible error. (Sections 5558, 5559, 5560, Revised Statutes 1899.)

2. ——: ——: ——. The appellate courts are more scrupulous regarding the regularity of the appointment of a guardian *ad litem* or next friend for a minor when the litigation has resulted unfavorably to the infant than when it has resulted favorably, because the purpose of such appointment is to protect the rights of the infant and if those rights have not suffered, there is no reason for interfering with the judgment on account of irregularity.

Appeal from Pike Circuit Court.—*Hon. David H. Eby,* Judge.

AFFIRMED AND REMANDED.

*E. W. Major* and *J. D. Hostetter* for appellant.

(1) It will be noted that the trial judge set aside the verdict solely upon the assumption that Mr. Drunert, the person who was appointed guardian *ad litem* for the infant defendant, failed to accept the trust or to file any pleadings, or to appear for the infant. This assumption, we contend, was unwarranted. It is elementary law that there is a legal presumption that all officers

do their duty. Cemetery Assn. v. McCune, 119 Mo. App. 349, 95 S. W. 295; Valle v. Picton, 91 Mo. 207; Robinson v. Robinson, 32 Mo. App. 88. (2) The statute provides merely that a suit shall not be prosecuted against an infant, further than its commencement and service of process, "until a guardian for such infant be appointed." R. S. 1899, sec. 558. The trial court in its findings did not question the validity of Mr. Drunert's appointment, but expressly finds that he was duly appointed by the Warren Circuit Court. The case of Weiss v. Condrey, 102 Mo. App. 65, merely holds that a judgment rendered against a minor without the previous appointment of a guardian *ad litem* is irregular and voidable. Wells v. Wells, 144 Mo. 198; Neenan v. St. Joseph, 126 Mo. 89; Rush v. Rush, 19 Mo. 441.

*Charles E. Peers* and *Tapley & Fitzgerrell* for respondent.

(1) It is conceded by the appellant that respondent is a child about eleven years of age. The appellant obtained personal service on the respondent. The respondent being a minor, and after personal service being had, before the court proceeding further a guardian *ad litem* should have been appointed for him. R. S. 1899, sec. 558. The court attempted to appoint A. H. Drunert as such guardian under section 560, R. S. 1899, but the court failed to wait for one day after the first day of the term to make the appointment, but attempted to appoint Mr. Drunert on the first day of the term. (2) The appellant in the case at bar saw cause to appeal. The respondent can be heard in this court or he could bring a direct proceeding to set aside the judgment as it is voidable. Thornton v. Thornton, 27 Mo. 302; Fulbright v. Cannefox, 30 Mo. 425; Clark v. Crosswhite, 28 Mo. App. 34; Townsend v. Cox, 45 Mo. 403; Lehew v. Brummell, 103 Mo. 546; Charley v. Kelley, 120 Mo. 134.

123 App—19

GOODE, J.—The defendant in this case is a minor. The action is for a malicious tort to the person of the plaintiff, committed by the infant and has resulted in judgment against the latter. The judgment was set aside on motion of the defendant and a new trial allowed because the record does not show that A. H. Drunert, who was appointed guardian *ad litem* for the minor, accepted his appointment. Plaintiff appeals from the order for a new trial. Drunert was appointed guardian *ad litem* April 18, 1904, by the circuit court of Warren county, wherein the action was instituted. This was the first day of the April term of said court. We have no doubt, from the transcript of the proceeding that the appointment was made on the first day of the term, though plaintiff's counsel contends it is uncertain whether it was made then or on the second day. On April 20th, plaintiff filed a second amended petition, to which the following answer was filed:

"Louis. Kurtz, Plaintiff, v. Sylvestain Eisenstein, by A. A. Drunert, his Guardian, Defendant.

DAMAGES.

"In the Warren Circuit Court to the April Term, 1904.

"Comes now the defendant and for his answer to the petition of the plaintiff; denies each and every allegation in said petition contained, and further answering the defendant says that if the plaintiff received any injury at the hands of this defendant, it was in defense of the person of this defendant and grew out of an assault and battery made upon this defendant by the plaintiff in a violent, angry, rude and malicious manner in kicking, striking, assaulting and treating this defendant.

"And so defendant having fully answered, defendant asks to be discharged with his costs.

"C. E. PEERS,
"Attorney for the defendant."

It should be stated that the case was instituted February 3, 1904, and on April 7th, in vacation, defendant, by C. E. Peers, his attorney, filed a motion to require plaintiff to give a bond to secure the costs. This motion was sustained April 18th, and the transcript recites that on the same day the court appointed Drunert guardian *ad litem*. Unless the answer copied above was an appearance by Drunert in behalf of the minor defendant, there is nothing to show he ever appeared, took any part in the trial or represented the interests of the minor. Though the court granted a new trial for lack of any entry or paper to show Drunert consented to act as guardian, we think a stronger reason for granting it was that the appointment was premature. In law a minor litigant is supposed to be incapable of taking care of his case, or of appointing an attorney to do so. Hence, if he sues, he must sue by next friend or guardian; and if he is a defendant, must defend, if he has no regular guardian, by one appointed for the case; that is, a guardian *ad litem*. Our code has prescribed regulations for the appointment of guardians *ad litem,* which do not materially differ from the procedure at common law. [See 1 Tidd's Practice, 4 Am. Ed., p. 99.] It is provided that after the commencement of a suit against an infant defendant and service of process on him, the suit shall not be prosecuted further until a guardian for the infant is appointed; that if the infant neglects for one day after the first day of the term at which he is to appear, to ask for a guardian, the court shall appoint one. It is further provided that the appointment may be made by the court in which the suit is pending, or by the judge in vacation, on the written request of the defendant, if he is fourteen years of age; or if he is under said age, on the written request of some relative or friend and the written consent of any competent person proposed as guardian; that such written request shall be filed with the clerk of the court wherein the suit is pend-

ing before any answer shall be filed. [R. S. 1899, secs. 5558, 5559, 5560.] This defendant was eleven years old when sued and a request for a guardian *ad litem* should have been made by some relative or friend of his. If no request was made on the first day of the appearance term, the court could have appointed the guardian without a request. Instead of waiting until the second day of the term, the court appointed Drunert guardian on the first day. This action was erroneous and called for correction. [Alexander v. Davis, 42 W. Va. 465, 468; Hull v. Hull's Heirs, 26 Id. 1; Bank v. Richey, 8 Peters' 128; St. Claire's Heirs v. Milliken, 3 Ohio Rep. 355; Carrigan v. Drake, 36 S. C. 364, 354; Nicholson v. Wilburn, 13 Ga. 467; Kinckerbacker v. DeFreest, 2 Paige Chan. 304; Anonymous, 10 Paige Chan. 41.] Most of those cases hold that the time prescribed, either by a statute or by the rules of practice, in which an infant may apply to have a guardian *ad litem* appointed for him, must elapse before the court can appoint on its own motion. Our statute is explicit that the court must wait a day; and without saying the appointment of Drunert on the first day of the term rendered the subsequent proceedings void, we hold it was at least an irregularity which warranted the court to award a new trial. Courts are much more scrupulous regarding the regularity of the appointment of a guardian *ad litem* or next friend, when the litigation has resulted unfavorably to the infant, than they are when the result is favorable. This is because the whole purpose of having some one represent the infant is to protect his rights and if it appears that these have not suffered, no reason exists for meddling with the judgment because of an irregularity. [Croghan v. Livingston, 17 N. Y. 221; Bird v. Pegg, 5 Barn. & Ald. 418.] As a general proposition an irregularity in the appointment of a next friend to sue for an infant, in a case wherein the infant has obtained judgment, will not be ground of reversal unless

the faulty procedure was pointed out specially by answer, or appeared on the face of the petition and was questioned by demurrer. [Baxter v. Transit Co., 198 Mo. 1, 95 S. W. 856.] In this case a considerable judgment was rendered against the defendant, and as it appears he was denied a statutory right governing the selection of a guardian to defend him, the court properly undertook to set the proceedings right.

We have given much study to the alleged failure or refusal of Drunert to consent to act as guardian and the effect of this omission, though, in our opinion, it is unnecessary to pass on either question. Drunert filed no formal consent, but if he answered as guardian *ad litem,* likely this was a sufficient consent to act in that capacity. Therefore the question to be considered, if we were to take it up, would be as to whether the answer filed for the defendant and copied herein was the answer of the defendant by his guardian *ad litem.* It differs from the answers usually filed by those guardians and there is no allusion to Drunert as such except in the caption, which has been decided to be no essential part of an answer. [Mattingby v. Cline, 7 Mo. 249.] Neither is Drunert spoken of in the caption as guardian *ad litem,* but only as guardian. That the consent of the person appointed to represent the minor is a prerequisite to the validity of the proceedings, at least, as against a direct attack, was decided in the following cases, which a reader interested in the subject may examine. [Rhinelander v. Sanford, 3 Day (Conn.) 278; Greenup's Rep. v. Bacon's Excr., 1 T. B. Mon. (Ky.) 108; Daniel v. Hannagan, 5 J. J. Marsh. (Ky.) 48; Fryerson v. Travis, 39 Ala. 150; Stilwell v. Swarthout, 81 N. Y. 109, 114; Ward v. Lowndes, 96 N. C. 367; Concklin v. Hall, 2 Barb. Chan. 136; Creech v. Creech, 7 Mo. App. 586.]

The order for new trial is affirmed and the cause remanded. All concur.