BEELER, Appellant, v. PERRY, Respondent.

St. Louis Court of Appeals, January 21, 1908.

1. REPLEVIN: Evidence: Statute of Frauds. In an action of replevin to recover possession of personal property held by the defendant as constable under an attachment writ against the plaintiff's son, testimony of the attachment plaintiff that the plaintiff in replevin had agreed to make good the indebtedness of his son, the attachment defendant, before the execution of the mortgage under which the replevin plaintiff claimed the right to possession, was incompetent and prejudicial, the amount of the indebtedness of the attachment defendant being in excess of thirty dollars.

2. ————: Fraud: Pleading: General Issue. In an action of replevin it was admissible for the defendant to show that the mortgage under which plaintiff claimed was procured by fraud, without having specially pleaded that it was fraudulent; such evidence was admissible under the general denial.

Appeal from Knox Circuit Court.—*Hon. Chas. D. Stewart,* Judge.

REVERSED AND REMANDED.

*F. H. McCullough* and *D. A. Rouner* for appellant.

*Balthrope & Smith* for respondent.

BLAND, P. J.—The action is replevin, commenced before a justice of the peace in Knox county, to recover possession of a miscellaneous herd of thirty-nine cattle and one black draft mare, which had been attached by defendant, as constable, by virtue of a writ of attachment issued by the justice in a suit wherein John A. Davis was plaintiff and Ora F. Beeler and plaintiff were named as defendants. Plaintiff resided in the State of Iowa but was present when Ora F. Beeler was served with process of summons. For some reason, unexplained, the constable did not serve plaintiff however, the evidence shows he was not liable for the debt sued for and hence was not a proper party defendant in the attachment suit. It appears that plaintiff owned a farm of four hundred acres in Knox county, and it further appears from his evidence that he rented his farm to Ora F. Beeler, his son, and sold him the property replevied, on credit, and on December 31, 1904, took from him a chattel mortgage on this and other property to secure the sum of $4,071.14, which he testified his son owed him at the time. The mortgage was duly acknowledged, filed for record and recorded in the office of the recorder of deeds of Knox county, on January 2, 1905, where Ora F. Beeler resided at the time. Plaintiff's evidence also tends to show the debt secured by the mortgage was a bona fide debt and was past due at the time the writ of attachment was levied on the property. Defendant's evidence shows the justice of the peace rendered a judgment sustaining the attachment on February 18, 1905, and also rendered judgment on the merits in favor of Davis against Ora S. Beeler for the sum of $190.40, and awarded a special execution against the property attached. Defendant's evidence further shows

that a few days prior to the levying of the attachment, Ora F. Beeler put up hand bills in Knox county, advertising that on February 4, 1905, he would sell on plaintiff's farm, which he then occupied, all the property then on said farm, including the cattle and the horse attached, representing the property to be his own. After plaintiff got possession of the attached property he advertised and sold the same at public auction under his mortgage. For the purpose of showing the mortgage was fraudulent as to creditors, the court, over the objection of plaintiff, admitted hearsay evidence tending to show that Ora S. Beeler was indebted to divers persons other than Davis, and also statements and declarations of said Ora to the effect that he owned the property attached, which statements were made after the execution of the mortgage and not in the presence of plaintiff. That such evidence was inadmissible to prove fraud or any other fact is too self-evident to admit of discussion or require the citation of authorities. Davis testified that plaintiff agreed to make good the indebtedness of his son Ora, and also to stand good for any account he might make at his (Davis') store, which promise was made before the execution of the mortgage; but Davis did not testify that he gave plaintiff credit for goods purchased by Ora subsequent to the alleged conversation, nor did he take any writing from plaintiff agreeing to pay the present or future debts of Ora. We think this evidence was incompetent and prejudicial. Davis was also permitted to testify, over the objection of plaintiff, that he became surety to Ora for the purchase price of two horses and had heard one of them had been run into the State of Iowa by another of plaintiff's sons. For the purpose of showing fraud it might be competent to show that Ora F. Beeler became indebted to divers people in Knox county and to Davis, and that Ora ran his property into Iowa and placed the same in the possession of his father for the purpose of avoid-

ing the payment of his debts, but it was not competent for a witness to testify he had heard such was the case.

The answer was a general denial followed by a narration of the proceedings in the attachment suit. A motion to strike out this portion of the answer was filed, but was overruled by the court. The motion should have been sustained, but the refusal to strike out the redundant matter was not reversible error as it did no harm. The point made by plaintiff, that to admit evidence of fraud in the procurement and execution of the mortgage, fraud should have been specifically pleaded, is not well taken, as evidence of fraud is admissible under a general denial in this character of case. [Young v. Glascock, 79 Mo. 1. c. 577; Stern Auction & Commission Co. v. Mason, 16 Mo. App. 473; Pugh v. Williamson, 61 Mo. App. 165; Westbay v. Milligan, 74 Mo. App. 179.] For the errors noted herein, the judgment is reversed and the cause remanded. All concur.