CHRIST SCHAWACKER, Respondent, v. FRANCIS H.
LUDINGTON, Garnishee; JOHN DEMPSEY,
Interpleader, Appellant.

**St. Louis Court of Appeals, December 13, 1898.**

1. **Fraudulent Conveyance**: PREFERENCE: TO SET ASIDE. In order
   to set aside a preference given to a creditor either he or his trustee
   must participate in the further intent on the part of the debtor to
   hinder, delay or defraud other creditors.

2. ———: ———: TWO MINDS CONCUR. The fraud relied must be the
   concoction of two minds, not the unshared purpose of one only.

3. **Intent of Assignor**: INTERPLEADER. In the case at bar there
   was evidence tending to prove that the assignment to the interpleader
   (appellant) was made for the purpose of paying certain creditors
   specified in a contemporaneous agreement made with the assignor.
   There was also evidence tending to prove that in making such as-
   signment it was the purpose of the assignor not merely to prefer cer-
   tain creditors but also to hinder, delay or defraud others. Upon the
   issue thus presented it was indispensable to a verdict against the in-
   terpleader that the jury should find a participation on his part in the
   alleged intent of his assignor.

4. **Statutory Construction**: SECTIONS 5172–5178. Sections 5172
   and 5178, Revised Statutes 1889, relate to tangible or corporal prop-
   erty, not to mere accounts or choses in action which may be assigned
   by transfer and notice to the debtor.

*Appeal from the St. Louis City Circuit Court.*—HON.
SELDEN P. SPENCER, Judge.

REVERSED AND REMANDED.

WILLIAM B. THOMPSON and FORD W. THOMPSON
for respondent.

In referring to the assignment made by Dennis J.
Dempsey to John Dempsey we shall refer to the one
instrument which was delivered to Mr. Ludington, and

in which no creditors were named, as assignment number 1, and the other instrument which John Dempsey retained in his possession until his deposition was taken, as assignment number 2. Assignment number 1 is void for the following reasons: The evidence shows that this assignment was given without consideration, when the assignor was insolvent, and therefore void as to creditors, coming under the provisions of section 5172 of the Revised Statutes of 1889, which requires that there shall be either a *bona fide* change of possession or that the instrument shall be duly acknowledged or proved and recorded in the county where the donor or grantor resides. Robinson's Ex'rs v. Robards, 15 Mo. 459; Jones v. Covington, 22 Mo. 163; Donovan v. Dunning, 69 Mo. 436. Because it appears from the evidence that it was given with the intention to hinder, delay and defraud creditors, the donee participating in the intention to hinder, delay and defraud such creditors, and therefore comes under the provisions of section 5170 of the Revised Statutes of 1889, and is clearly and utterly void as to creditors of the grantor. Ames v. Gilmore, 59 Mo. 537; Crow v. Beardslee, 68 Mo. 435. It is sufficient to render the instrument void if the intention in the sale is to either hinder or delay or defraud creditors. Crow v. Beardslee, 68 Mo. 435; Rupe v. Alkire, 77 Mo. 641. The change of possession necessary as contemplated by section 5178 must be open, notorious and unequivocal, such as from which the public can not be misled. Claflin v. Rosenberg, 42 Mo. 439; Wright v. McCormick, 67 Mo. 426; Stern v. Henley, 68 Mo. 262; Burgert v. Borchert, 59 Mo. 80; Mills v. Thompson, 72 Mo. 367. If the deed is voluntary and hinders and delays creditors it is fraudulent in law, irrespective of the motives of the grantor. Potter v. McDowell, 31 Mo. 62; Cooper v. Standley, 40 Mo. 138; White v.

McPheeters, 75 Mo. 294. Assignment number 2 is void for the following reasons: Because it appears from the evidence that it was a voluntary assignment, without consideration, and therefore comes under the provisions of section 424 of Revised Statutes 1889, in which all voluntary assignments made by a debtor to any person in trust for his creditors shall be void unless proved and acknowledged, certified and recorded in the same manner as prescribed by law in cases wherein real estate is conveyed. Because the evidence showed that the amount assigned by the insolvent debtor was more than sufficient to satisfy the claims of the creditors therein named; and if a part of the consideration of a conveyance is fraudulent or fictitious as to creditors, the whole conveyance is void. State ex rel. v. Hope, 102 Mo. 410; Segar v. Thomas, 107 Mo. 635; McDonald v. Hoover, 142 Mo. 495-498; Nat. Tube Works v. Machine Co., 118 Mo. 365. The conveyance was made with a view of hindering, delaying and defeating a certain particular creditor, and for that reason is fraudulent and void. Henderson v. Henderson, 55 Mo. 534. The conveyance was made as a means of preserving the property of the grantor from the lawful actions and judgments of his creditors and therefore made with the intent to hinder and delay and defraud his creditors, and is void for that reason. State to use v. Benoist, 37 Mo. 500. It is not necessary to show an actual intent to defraud; it is sufficient if the necessary consequence of the transaction is to defraud the creditors, and whatever satisfies the mind and conscience of the existence of fraud is sufficient. Snyder v. Tree, 114 Mo. 360. Because the trust was a secret one and for that reason was void as to creditors. Sibley v. Hood, 3 Mo. 290; McDonald v. Hoover, 124 Mo. 484. When a conveyance appears on its face to be a secret trust for the

grantor the courts will declare it void as a matter of law. And the same facts that will render a conveyance void if expressed on its face, will render it void if proven *aliunde*. If the facts are in dispute their truth may be established by a jury and then the court declares they constitute fraud. McDonald v. Hoover, 142 Mo. 484. Relationship between the parties to a conveyance charged to have been made in fraud of creditors and the insolvency of the grantor are not sufficient in themselves to establish fraud, but these, when added to other suspicious circumstances, may often be sufficient. Robinson v. Dryden, 118 Mo. 534; Burgert v. Borchert, 59 Mo. 80; Van Raalte v. Harrington, 101 Mo. 603. The participation of either the trustee or the beneficiaries in a deed of trust in the fraud of the grantor is sufficient to void the deed of trust. Crow v. Beardslee, 68 Mo. 435; Ames v. Gilmore, 59 Mo. 537. The change of possession necessary as contemplated by section 5178, Revised Statutes 1889, must be open, notorious and unequivocal, such as from which the public can not be misled. Claflin v. Rosenberg, 42 Mo. 439; Wright v. McCormick, 67 Mo. 426; Stern v. Henley, 68 Mo. 262. A demurrer to evidence is properly refused when there is evidence at least tending to show on the part of the debtor a design to hinder and delay if not defraud other creditors by placing assets not necessary to pay plaintiff's claim, out of the reach of such creditor, and also evidence tending to establish the participancy of plaintiff in such design. Hanna v. Finley, 33 Mo. App. 645.

FARISH & WILLIAMS for appellant.

The burden of proof rested on plaintiff and so the court held. Meyerburg v. Jacobs, 40 Mo. App. 134. There was no evidence of fraudulent intent

on the part of D. J. Dempsey in making the transfer to John Dempsey to secure the creditors, Buxton & Skinner, Fisher & Company and Mrs. Bollman. If a fraudulent intent on the part of D. J. Dempsey there was no evidence that John Dempsey participated in such fraud, and the instruction asked by the interpleader at the close of plaintiff's case should have been given. The instruction of the court limiting the issue to the question of fraud on the part of D. J. Dempsey; and the instruction of plaintiff to like effect, and predicating a right of recovery thereon are illegal. Shelley v. Boothe, 73 Mo. 77; Holmes v. Braidwood, 82 Mo. 616; Alberg v. White, 117 Mo. 363; Robinson v. Dryden, 118 Mo. 539; Nat. Tube Works v. Machine Co., 118 Mo. 375. And the vice of said instructions of the court and of plaintiff were not cured by any other instruction in the case.

Bond, J.—This is a garnishment on an execution in favor of plaintiff against D. J. Dempsey. Francis H. Ludington, the garnishee, answered in substance, that he owed a balance of $1,585.02 for work and materials used in the repair of two buildings under contracts between himself and D. J. Dempsey, a builder and contractor; that about July 1, 1896, and prior to the completion of the work, said Dempsey exhibited to him (garnishee) a contract accepted by John Dempsey for the future performance of the said contracts, and empowering said John Dempsey to receive all the money then due or to become due thereunder; that by reason of the claim of said John Dempsey as such assignee, he (garnishee) was unable to decide to whom the said balance should be paid, wherefore he prayed to be allowed to pay the same into court. This was done, and thereupon the court ordered John Dempsey to interplead, which he did, asserting title

to said money as the assignee of D. J. Dempsey. To this interplea plaintiff answered by a general denial, and an averment that the assignment in question was made with the intent on the part of both parties thereto to defraud plaintiff. The evidence was conflicting on the issues presented by the pleadings. There was a verdict and judgment against the interpleader, from which he appealed.

Appellant complains that in all the instructions given by the court for respondent, as well as the one given of its own motion, the issue as to the intent of the interpleader in taking the assignment was completely ignored. To determine this point it will only be necessary to set out the instructions given of the court's own motion, as those given for plaintiff employ substantially the same language in referring to the issue submitted to the jury. The instruction is to wit:

"In determining whether or not the assignment from Dennis J. Dempsey to John Dempsey was fraudulent or not the jury may inquire into and consider the relationship of the parties, the terms of the assignment, and all other facts and circumstances of the case, as shown in evidence, and if from all the circumstances and facts in evidence you find that the assignment from D. J. Dempsey to John Dempsey was made for the purpose of hindering, delaying or defrauding his creditors and was not made in good faith to secure or pay any outstanding and *bona fide* claims against him, then your verdict should be in favor of the plaintiff and against the interpleader."

It is apparent from an inspection of the above direction, that in submitting the issue as to fraud in making the assignment, it wholly fails to inform the jury of the necessity of a finding on their part that the interpleader participated or shared in the fraudulent purpose of the maker of the instrument. In order to

set aside a preference given to a creditor, either he or his trustee, must participate in the further intent on the part of the debtor to hinder, delay or defraud other creditors. The fraud relied upon must be the concoction of two minds—not the unshared purpose of one only. No other construction can be applied to the statute of frauduleut conveyances as applied to conveyances made to prefer creditors. In the case at bar there was evidence tending to prove that the assignment to interpleader (appellant) was made for the purpose of paying certain creditors specified in a contemporaneous agreement made with the assignor. There was also evidence tending to prove that in making such assignment it was the purpose of the assignor not merely to prefer certain creditors, but also to hinder, delay or defraud others. Upon the issue thus presented, it was indispensable to a verdict against the interpleader that the jury should find a participation on his part in the illegal intent of his assignor. Wait on Fraud. Con., sec. 199, and cases cited; Distilling Co. v. Ellis, 63 Mo. App. loc. cit. 21; Ross v. Ashton, 73 Mo. App. loc. cit. 257; St. Louis Coffin Co. v. Rubelman, 15 Mo. App. 280; Shelley v. Booth, 73 Mo. 77; Holmes v. Braidwood, 82 Mo. 616; Alberge v. White, 117 Mo. 363; Robinson v. Dryden, 118 Mo. 539; Nat. Tube Works v. Machine Co., 118 Mo. 375; Hargadine v. Henderson, 97 Mo. loc. cit. 386; Rupe v. Alkire, 77 Mo. 642. As this case must be retried it is proper to say that the subject-matter of the assignment herein—money due or to become due to the assignor under a contract with him—does not bring it within the purview of either 5172 or 5178 of the revision of 1889. These sections relate to tangible or corporeal property, not to mere accounts or choses in action which may be assigned by

ILLEGAL intent: participation.

transfer and notice to the debtor.   For the errors contained in the instructions, this judgment is reversed and the cause remanded.   All concur.