## KLAUBER v. SCHLOSS et al., Appellants.

### Division Two, July 3, 1906.

1. **FRAUDULENT CONVEYANCE: Insolvent Vendor.** If a sale
of property is made with the intent to either hinder or delay
creditors, it is fraudulent as to them whether the vendor be
solvent at the time of the sale or not.

2. ————: **Vendee as Party.** Where the debt to secure which a
deed of trust was made, was pretended and not bona-fide, the
vendee knew that, and by accepting the provisions of the deed
of trust the vendee became a party to its fraud.

3. ————: ————: **Adequate Consideration.** Where the deed of
trust was made with the actual intent on the part of the maker
to hinder, delay or defraud his creditors, especially the plain-
tiff, and the *cestui que trust* knew the purpose of the transaction
and was a party thereto, the deed of trust is void as to such
creditors; and it makes no difference, in such case, what the
consideration for the deed of trust was, or whether it was ade-
quate or inadequate.

4. ————: **How Shown.** Fraud is never to be presumed, but it
is not necessary that it be proved by direct testimony. It may
be shown by facts and circumstances.

5. ————: ————: **Circumstances.** The *cestui que trust,* who lived
in the same house with the mortgagor and worked in what was
claimed to be his store, testified that she was to receive $10
per week for her services and that he owed her $280 on that
account; and that besides, she had, at times she could not fix,
given him $50, $75, $100 and $25, but that she kept no memoran-
dum of her account with him and kept no record of any kind.
She further testified that she kept what money she received
in the store, and the mortgagor kept what money he received,
and they put the money together at the end of the day, and she

took it to her room. He made her a note for $5,000 and a deed of trust to secure the note, and she testified that she relied on the deed of trust as security for what he owed her. He at divers times stated that the property was his, and that he could get it back at any time; that the deed of trust was only a matter of form, and that he had executed it only to keep the creditor whose judgment the plaintiff as his surety had to pay, from getting anything from him. *Held*, that these were sufficient facts upon which to base a finding that the deed of trust was fraudulent, that it was made to hinder or defeat creditors, and that the *cestui que trust* knew that to be its purpose.

6. ————: **Fictitious Consideration.** If a part of the consideration for a conveyance is fraudulent or fictitious, the entire transaction is fraudulent as against creditors.

7. ————: **Action in Case of Mortgaged Property: Sold and Excess Adjudged to Creditors: Alternative Prayer.** S. owned real estate worth $3,500 or $4,000 and mortgaged it to H., trustee, to secure a valid indebtedness of $1,300. Thereafter judgment for $227.20 was recovered against S. in a justice's court, and he appealed, and plaintiff, at his request, became surety on his appeal bond. Thereupon, S. made a second fictitious deed of trust on the property for $5,000 to B., and thereafter plaintiff was compelled to pay the judgment against S., and then sued him for the amount so paid, and recovered judgment, and execution issued, and *nulla bona* was returned. Then H. foreclosed the first deed of trust, and B. bid in the property for $3,800, and demanded that, after paying the $1,300 note and costs, the balance of her bid be credited on her note of $5,000. Plaintiff brings suit in equity, asking that the $5,000 deed of trust be held to be fraudulent, that either B. be compelled to pay the $3,800 to H., and that H., after satisfying the $1,300 note and costs, be directed to first pay plaintiff's judgment and costs and the costs of this suit, or if B. will not perform her bid, that the sheriff sell the property, satisfy the first deed of trust, then pay plaintiff, and distribute the balance according to the interest of the parties. The decree was according to the prayer of the petition. *Held*, that the decree should be upheld.

Appeal from St. Louis City Circuit Court.—*Hon. Jesse A. McDonald,* Judge.

AFFIRMED.

*Christian F. Schneider* for appellants.

(1) The court below having found that the deed of trust to defendant Braske was given to secure a bona-fide debt, it was error to set it aside unless actual fraud on part of defendant Braske was shown. Nat. Tube Works v. Ring, 118 Mo. 365; Bank v. Worthington, 145 Mo. 99; Ridge v. Greenwell, 53 Mo. App. 479; Rumbolds v. Parr, 51 Mo. 592; Steinwender v. Creath, 44 Mo. App. 363; Deering v. Collins, 38 Mo. App. 90; State v. Gritzner, 134 Mo. 525; Bank v. Russey, 74 Mo. App. 656; Schawacker v. Ludington, 77 Mo. App. 415. (2) It being necessary to prove actual fraud on part of the defendant Braske to invalidate her deed of trust, a petition which fails to charge such fraud against her, and which fails to charge that the grantor of such deed at the time was insolvent, fails to state a cause of action against her. This is elementary. (3) The burden of proving fraud is on the party alleging it. Authorities under point 1; Bank v. Worthington, 145 Mo. 100. (4) Statements made by the grantor in a deed assailed as fraudulent, after the delivery of the deed, in the absence of the grantee, is incompetent evidence against her. Stam v. Smith, 183 Mo. 464; Mueller v. Weits, 56 Mo. App. 36. (5) A deed of trust for part present indebtedness and part future advances its valid. Smith v. Wallace Shoe Co., 63 Mo. App. 326; Foster v. Reynolds, 38 Mo. App. 553; Mapes v. Burns, 72 Mo. App. 411.

*Lee W. Grant* and *Pierrc B. Kennedy* for respondent.

A conveyance may be for a valuable consideration, and yet fraudulent and void as to creditors. Murray v. Cason, 15 Mo. 378; Johnson v. Sullivan, 23 Mo. 474; State ex rel. v. Purcell, 131 Mo. 318. A consideration wholly disproportionate to the value of the property and paid to give color to the transaction is not a valuable

consideration. Lionberger v. Baker, 88 Mo. 447; Imhoff & Co. v. McArthur, 146 Mo. 371. Although it devolves upon a party alleging fraud to prove it, yet the requisite proof need not be of a direct or positive character, but may be gathered from surrounding circumstances indicative of a design to hinder, delay or defraud creditors. Burgert v. Borchert, 59 Mo. 80; Albert v. Besel, 88 Mo. 154; Alberger v. White, 117 Mo. 361; Gordon v. Ismoy, 55 Mo. App. 323. Where a party makes a conveyance in alleged payment of a very vague and indefinite claim, it is a fair circumstance to be considered in determining the bona fides of the conveyance. Mason v. Perkins, 180 Mo. 709. Neither insolvency of the vendor nor knowledge thereof by the purchaser is a necessary ingredient in a fraudulent sale. Rupe v. Alkire, 77 Mo. 641.

BURGESS, P. J.—On the 24th day of December, 1902, there was filed in the office of the clerk of the circuit court of the city of St. Louis, a petition by plaintiff, which, leaving off the formal parts, is as follows:

"Plaintiff for cause of action states that heretofore, to-wit, on or about the 9th day of November, 1899, he signed and executed as surety for Stephen Schloss, defendant, a certain appeal bond in an appeal from a judgment rendered against said Stephen Schloss by Frederick A. Cline, a justice of the peace in and for the Ninth district of the city of St. Louis, Missouri; that by reason of said contract of suretyship plaintiff was compelled to pay and did pay said judgment and costs, all amounting to $227, for which said amount he recovered judgment against the said Stephen Schloss on or about the 10th day of May, 1902, in the justice court in and for the Fifth Justice District of the city of St. Louis, Missouri, before James T. Spaulding, justice.

"Plaintiff further states that heretofore, to-wit, on or about the 27th day of January, 1896, defendant

Schloss was the owner in fee simple of the following described real estate, situated in the city of St. Louis, Missouri, to-wit: A lot of ground in block No. 38, beginning at the intersection of the north line of Valentine street with the west line of a public alley running north and south through said block; thence north along the west line of said alley 86 feet; thence west and parallel with Valentine street 42 feet 6 inches to the east line of a private alley, thence south along the east line of said private alley 86 feet to the north line of Valentine street; thence east along the north line of Valentine street 42 feet 6 inches to place of beginning, together with all buildings, appurtenances, etc.

"That on or about the said 27th day of January, 1896, the said Stephen Schloss conveyed said property as hereinbefore described to defendant August Gehner, in trust, to secure an indebtness of $1,300, to one Frank Hiemenz; that thereafter, to-wit, on or about the 16th day of July, 1901, said Stephen Schloss executed a second deed of trust to the Missouri Trust Company, to secure an alleged indebtedness of $5,000 to defendant Veronicka Braske.

"Plaintiff further states that on or about the 18th day of September, 1902, defendant August Gehner, acting under and by virtue of said first deed of trust, sold the said property at public sale and said property was bid in by defendant Veronicka Braske for the sum of $3,800; that said Veronicka Braske has failed and refused and still refuses to complete said sale by paying the full sum of $3,800 to said August Gehner, unless she can get credit for the amount of the surplus of said $3,800 over and above so much as may be required to pay off the indebtness of $1,300 on said first deed of trust, together with such costs and interest as may have accrued, on her second deed of trust.

"Plaintiff further alleges that said second deed of trust on said property herein before described executed to secure an alleged indebtedness to defendant

"Veronicka Braske, was fraudulent and without consideration and given by defendant Schloss for the purpose of avoiding liability on said judgments of Justice Cline and the appeal bond executed therein, and for the purpose of defrauding the plaintiff in that said case, towit, the Drayage Transfer Company, and defeat the payment of said judgment by him, and for the further purpose of defrauding this plaintiff by compelling him to pay the said judgment of Justice Cline against said Schloss.

"Plaintiff further states that both defendant Schloss and Veronicka Braske are insolvent; that he is without remedy at law and except by the interposition of a court of equity he must remain totally remediless in the premises and his said judgment must remain wholly unpaid.

"Wherefore, plaintiff prays for a decree directing that in the event that defendant Veronicka Braske completes said sale and pays said Gehner said sum of $3,-800 said Gehner be required, after paying such amount as may be required to discharge the indebtedness of said first deed of trust and expenses of the sale, to pay into court so much of the surplus as may be necessary to pay plaintiff's judgment and costs, as well as the costs of this suit, or, should said Veronicka Braske fail to complete said sale and pay said sum of $3,800 to trustee August Gehner, then plaintiff prays for a decree declaring said second deed of trust inoperative and void as fraudulent and without consideration, and for an order that said property be sold by order of this court, subject to the first deed of trust and the proceeds of said sale, or so much thereof as may be necessary to be applied to the payment of plaintiff's said judgment and costs, as well as the costs of this suit and such other and further relief as the court may deem meet and just in the premises and the circumstances of the case may require."

By his amended separate answer defendant Schloss denied generally the allegations of plaintiff's said petition.

The answer of defendant August Gehner is as follows:

"That on or about the 27th day of January, 1896, the property mentioned, referred to and described in the petition, was conveyed to him, as trustee, to secure an indebtedness of $1,300 to one Frank Hiemenz, and duly recorded in the office of the recorder of deeds for the city of St. Louis, Missouri.

"Further answering, this defendant denies each and every other allegation in said petition contained."

Defendant Veronicka Braske answered, admitting that on the 27th day of January, 1896, the property in question was conveyed to her co-defendant, August Gehner, in trust, to secure an indebtedness of $1,300 to one Frank Hiemenz; that thereafter, to-wit, on or about the 16th day of July, 1901, said property was conveyed to the Missouri Trust Company as trustee, to secure to her the sum of $5,000, as per negotiable promissory note in said deed of trust mentioned and described. This answer charges that both said deed of trust and the indebtedness secured thereby remain due and unpaid and are a lien on said property. It then denies all other allegations in the petition.

Upon the hearing of the cause the court made a finding of facts and rendered the following judgment and decree:

"Now upon this nineteenth day of May, A. D., 1903, this cause having come on for hearing on the pleadings and proofs adduced, parties plaintiff and defendant appearing, and the court having been duly advised in the premises, and having duly considered the same, doth find the issues joined in favor of the plaintiff; and the court doth further find that defendant Stephen Schloss is indebted to plaintiff on his said judgment as alleged in his bill in the sum of $227.20, and

costs in said case accrued, amounting in all to $269.40, none of which has been paid, and the court doth further find that said deed of trust executed and recorded by defendant Stephen Schloss, on or about the 16th day of July, 1901, to secure a pretended indebtedness of $5,000 to defendant Veronicka Braske was fraudulent and void as against this plaintiff.

"Whereupon, it is by the court ordered, adjudged and decreed, that the said deed of trust executed aforesaid be set aside and for naught held and the same is hereby declared nugatory and of no effect, and it is further ordered, adjudged and decreed that in the event that the defendant Veronicka Braske fully perform the contract of purchase of said property heretofore made with defendant August Gehner, trustee, by paying the full amount of the purchase price to said defendant Gehner within ten days from the date of the entry of this decree, said Gehner after satisfying the indebtedness secured by the first deed of trust, together with the costs incident thereto, is hereby directed and ordered to apply the surplus remaining in his hands, first, to the payment of plaintiff's said judgment and costs, together with the costs of this suit, and the remainder of said purchase price, if any there be, to be disposed of by said defendant Gehner as the parties in interest may direct.

"It is further adjudged, ordered and decreed that in the event said defendant Veronicka Braske fails to fully perform the said contract of purchase made with said defendant August Gehner, within ten days from the entry of this decree, then said purchase by Veronicka Braske, be and hereby is declared abandoned, forfeited and nugatory, and the sheriff of the city of St. Louis is hereby ordered and directed to sell said property at the court house door, in the city of St. Louis, after giving twenty days notice in some newspaper published in said city, said property to be sold subject to the first deed of trust, executed to defendant Gehner;

and the said sheriff of the city of St. Louis is further ordered and directed to apply the proceeds of said sale to the payment of plaintiff's said judgment and costs, together with the costs of this suit and dispose of the residue of said proceeds as the parties in interest may direct.''

In due time defendants filed motions for a new trial and in arrest, and both being overruled, they appeal.

The salient facts as disclosed by the record are substantially as follows:

Sometime in November, 1899, defendant Stephen Schloss was involved in a lawsuit with the Drayage Transfer Company, which suit was tried before a justice of the peace, who rendered judgment against Schloss. He appealed from the judgment, and Klauber, the plaintiff herein, at the request of Schloss, became his surety on the appeal bond required by the justice; but after the appeal was perfected Schloss abandoned the case, the consequence being that Klauber was compelled to make the best settlement he could with the said Drayage Transfer Company. Klauber sued Schloss for the amount paid out by him in the settlement of said suit, and Schloss filed a counterclaim for a certain sum growing out of former business transactions between them, but Klauber recovered judgment against Schloss for $227 and costs, upon which judgment execution was issued and returned *nulla bona*.

On July 16, 1901, Schloss executed to defendant Veronicka Braske a deed of trust on certain property on Valentine street, St. Louis, to secure an alleged indebtedness of $5,000 and this suit is for the purpose of attacking and having declared as fraudulent, as against plaintiff, said deed of trust.

It also appears from the evidence that there was a prior deed of trust for $1,300 on said property, and that the property was worth approximately $3,500 or $4,000. The testimony of defendant Braske was very

vague and indefinite with respect to what Schloss owed her. In fact she could not fix any amount, saying that she gave Schloss, at different times, $50, $75, $25, and $100; total, $250. She still said she gave him "over $900," but that she made no memorandum of it and kept no record, but relied upon the deed of trust as security. Testifying further, she said that the understanding was, that she was to get the property ultimately, and would not be required to account to Schloss for any sum; that she kept no account whatever, could not tell what amounts had been loaned, and that if it came to a settlement between them, she would have no record of what was due her. It appears further in the evidence that Schloss had been using this property so as to secure credit on an apparent asset, and when he wished to avoid liability he transferred or mortgaged it. In 1882 he conveyed the property to his wife, and they subsequently executed a deed of trust thereon to defendant Gehner. His wife having died, he then executed a deed of trust on the property to secure the $5,000 indebtedness alleged to be due defendant Braske.

It also appears that Schloss at divers times stated that the property was his, and that he could get it back at any time; that the deed of trust was only a matter of form, and that he had executed it to keep the man Henzler (president of the Drayage Company) from getting anything from him; that the note was signed to keep people from running after him, but that the property was his own. Defendant Schloss was in the scrap iron business at No. 117 Valentine street, and he and defendant Braske lived at that place, and, according to Braske's story, she kept the store for him, and he was to pay her $10 per week. She testified that she had $1,500 which she had received from the old country; that she had sold a store in Chicago and got about $1,200; but when closely examined, she could not tell how much she had given Schloss; and it appears, also, that she

ran the business, and when she sold anything from the store she kept the money, and when he sold anything he kept the money, and they put it together at the end of the day, and she would take it to her room up-stairs.

The evidence of defendant Schloss bore principally upon his alleged claim against Klauber through a dispute in the sale of some iron. The evidence of witness Jacob was to the effect that Schloss had said a number of times that the property was his; that he simply put it in the name of defendant Braske to keep the Drayage Company and other parties from running after him; that he could get the property back whenever he wanted it, and that he promised a number of times to begin paying Klauber the money he owed him. Witness Klauber testified to much the same thing, and witness Girardi corroborated both of them relative to this statement of Schloss.

It is claimed by defendant that the petition does not state a cause of action in that it does not allege that defendant Schloss, at the time the deed of trust was given to defendant Braske, was insolvent, nor that Braske procured said deed of trust by fraud on her part. It was ruled by this court in Rupe v. Alkire, 77 Mo. 641, that if a sale of property be made with the intent either to hinder or delay creditors, it is fraudulent as to them whether the vender be solvent at the time of such sale or not. With respect to the other contention, it is only necessary to call attention to the allegations of the petition, which substantially allege that the deed of trust executed for the benefit of defendant Braske was executed for the purpose and with the intent to defraud the creditors of Schloss.

The court found that the deed of trust given by Schloss was given to secure a pretended indebtedness of $5,000 to defendant Braske, and was fraudulent and void as against the plaintiff. There was evidence which justified that finding. The debt being pretended and not bona-fide, she, of course, knew it, and by accept-

ing the provisions of the deed, she became a party to the fraud. In passing upon this question, it will be noted that Schloss and Braske lived in the same building and practically operated the store together, the proceeds of each day's sales being taken charge of by her. According to her own testimony she never received a dollar from Schloss on account of salary or her alleged loan. Under the facts disclosed by the evidence, there can be no conclusion other than that the deed of trust under consideration was made with the actual intent on the part of Schloss to hinder, delay or defraud his creditors, and especially this plaintiff, and that Braske knew all about the transaction and was a party thereto. Such being the case, the deed is void as to said creditors, and it makes no difference what the consideration really was, or whether it was adequate or not.

While fraud is never to be presumed, it is not necessary that it be proved by direct testimony, but may be shown by facts and circumstances, if sufficient; and the facts and circumstances connected with and surrounding the transaction may be inquired into and taken into consideration by the court in passing upon the question as to whether the transaction was in fact fraudulent.

At the time the deed of trust was executed defendant Braske had worked for Schloss six or seven months, at $10 per week, the wages thus earned amounting to about $280, while the deed of trust was given to secure a pretended indebtedness of $5,000. But conceding that Schloss owed her $280 for labor, as well as the various sums which she claims in her evidence to have loaned him at different times, and of which she kept no memorandum, the whole falls far short of $5,000. Her story with respect to Schloss's indebtedness to her, the manner in which it accrued, and the amounts and times, seems so improbable that it is not entitled to much consideration. Moreover, it is clear from the evidence that

at least part of the claim attempted to be secured by the deed of trust under consideration was fictitious, as Schloss's indebtedness to Braske at no time approximated $5,000, and it is well settled that if a part of the consideration for a conveyance of property is fraudulent or fictitious, the entire transaction is fraudulent as against creditors, and will be vitiated. [State ex rel. v. Hope, 102 Mo. 429; National Tube Works Co. v. Machine Co., 118 Mo. 365; Boland v. Ross, 120 Mo. 208; Gleitz v. Schuster, 168 Mo. 298; National Bank of Plattsburg v. Fry, 168 Mo. 492; Imhoff & Co. v. McArthur, 146 Mo. 371; Bates County Bank v. Gailey, 177 Mo. 181.]

Finding no reversible error in the record, the judgment is affirmed. All concur.