THE STATE EX REL. FIRST NATIONAL BANK OF MILAN v. FRANCIS H. TRIMBLE ET AL., Judges of Kansas City Court of Appeals.

Division One, October 11, 1926.

1. .ATTACHMENT: Fraudulent Conveyance: Intent. The motive which actuates the making of a fraudulent conveyance which results in hindering or delaying the grantor's creditors is wholly immaterial, but the conveyance must be fraudulent, in law or in fact, to constitute a ground of attachment under the seventh clause of the statute (Sec. 1725, R. S. 1919). If it is given in good faith to secure a valid indebtedness, it is not fraudulent, even though it incidentally operates to hinder or delay other creditors. If on the other hand, it was given for the purpose of covering up the mortgagor's property and putting it beyond the reach of his creditors, it was fraudulent, although the debt described in it may have been a valid and subsisting obligation. .

2. ———: ———: ———: Question for Jury. A young farmer and his wife, being in straitened financial circumstances and having given a mortgage on their farm and a-chattel mortgage on their cattle for sums in excess of their value, gave a chattel mortgage to her father on all their remaining property, purporting to secure rent to accrue on land which he had leased to them, and the issue in the attachment suit was whether they had fraudulently conveyed or assigned said property so as to hinder and delay their creditors; and their evidence being to the effect that the mortgage to her father was given in good faith to secure a note given for a year's rent on his land, the Court of Appeals did not contravene any prior decision of this court in ruling that to support the charge it was necessary to show that the property was fraudulently conveyed to hinder and delay their creditors, and that it could not be held that the mere fact that the

effect of the mortgage was to delay and hinder their creditors was suffi-
cient to show that it was fraudulent.

Corpus Juris-Cyc. References: **Attachment,** 6 C. J., Section 61, p. 55, n. 17;
Section 68, p. 57, n. 43; p. 58, n. 44; Section 69, p. 59, n. 80; p. 60, n. 82.
**Courts,** 15 C. J., Section 518, p. 1093, n. 69. **Fraudulent Conveyances,** 27
C. J., Section 363, p. 615, n. 83; p. 616, n. 89, 94; Section 369, p. 621, n. 48;
Section 385, p. 627, n. 18, 20, 21; p. 628, n. 24; Section 713, p. 787, n. 98;
Section 786, p. 838, n. 90.

### *Certiorari.*

WRIT QUASHED.

*W. C. Irwin, L. A. Chapman, U. A. House* and *Kitt & Marshall*
for relator.

(1) When an attachment is instituted under the seventh clause
of the attachment act, the attachment will be sustained if it is shown
that the conveyance is voluntary or not given to secure a bona-fide
debt, without showing further the defendants had the intent or pur-
pose of hindering or delaying creditors. State v. O'Neill, 151 Mo.
85; Reed v. Pelletier, 28 Mo. 177; Potter v. McDowell, 31 Mo. 62.
(2) If, on the other hand, the conveyance is given to secure a bona-
fide debt, then before the attachment can be sustained it must be
shown that the defendant had the intent or purpose to hinder or
delay creditors; but in that case an instruction, which tells the jury
that the intent or purpose of the defendants to hinder or delay cred-
itors is a prerequisite to a fraudulent conveyance, to be proper, must
also contain therein a submission to the jury that they must first
find the conveyance to have been given to secure a bona-fide debt and
if the jury finds it was so given, then before it could be fraudulent
they must find that the intent or purpose of defendant was to hinder
or delay creditors. Nat. Tube Works v. Machine Co., 118 Mo. 375.
(3) The trial court gave Instruction 4, for defendants, which
broadly stated the rule that before a conveyance could be fraudulent,
under the seventh clause of the attachment act, it must be shown
that defendants had the intent or purpose, at the time of the execu-
tion of the conveyance, to hinder or delay creditors without first re-
quiring the jury to find that the conveyance was given to secure a
bona-fide debt. This was error because, under the authorities, supra,
the intent or purpose of defendants to hinder or delay creditors is
not an essential to a fraudulent conveyance, unless and until it is
first shown, and found by the jury, that the conveyance was given
to secure a bona-fide debt. The Court of Appeals approved that in-
struction, and held it was a prerequisite to a fraudulent conveyance,
under the seventh clause of the attachment statute, that the de-
fendants have an intent or purpose at the time to hinder or delay

creditors; that holding conflicts with the above controlling decisions of this court.

*Scott J. Miller* and *Roger Stone Miller* for respondents.

RAGLAND, P. J.—This is an original proceeding in *certiorari*, wherein relator seeks to have quashed, on the ground of conflict of decision, the record of the Kansas City Court of Appeals in a cause lately pending before it on appeal from the Circuit Court of Livingston County, entitled: First National Bank of Milan, appellant, v. Oliver Kibble and Mary E. Kibble, respondents.

The opinion of the Court of Appeals, in so far as it states facts which have a bearing on the question raised in this proceeding, is as follows:

"This is an action by attachment in aid of a suit upon a promissory note of $4160 executed by defendants to plaintiff. . . .

"Plaintiff is a national bank of Milan, Sullivan County, Mo., and defendants are young married people living on a farm near Milan in that county. They had 160 acres of land, where they lived, against which there was a first mortgage of $7,000, a second for $3,000, and a mortgage to plaintiff given in security for the note which is the basis of this action. Besides the home farm Oliver Kibble leased from his father-in-law, W. H. Columbar, 200 acres adjoining the home place on the south, at a rental of $700 per year. For the first year's rent defendants issued their promissory note secured by a chattel mortgage covering certain chattels of defendants not covered by any previous pledge.

"At this time defendants' finances were considerably involved, including certain indebtedness to the plaintiff secured by chattel mortgage on thirty head of registered black cattle and some mules and horses. On or about August 12, 1922, plaintiff demanded as additional security a mortgage on defendants' growing crop, but this security was not given. . . .

"The suit on the note in question was instituted in the Circuit Court of Sullivan County, and by change of venue was transferred to Livingston County, where it was tried. In aider of the principal suit, plaintiff swore out an attachment in the Circuit Court of Livingston County, and thereunder attached and sold all of Kibble's property, including his registered cattle, horses, hogs and farm implements. . . . The attachment was taken out in the name of plaintiff bank, but was sworn to by Lenny Bladridge, its cashier. It contains the following statutory causes of action, to-wit: . . .

" 'That the defendants have fraudulently conveyed or assigned their property or effects, so as to hinder or delay their creditors.' . . .

"There was a plea in abatement timely filed by defendants, denying specifically each cause of action stated in the affidavit for attachment. The cause of action was tried before a jury on the plea in abatement resulting in a verdict for defendants and a judgment thereon was accordingly entered. . . .

"In considering the peremptory instructions to sustain the attachment offered by plaintiff at the close of all the evidence, it is necessary to refer briefly to the evidence. Plaintiff attempted to show (1) that defendants fraudulently conveyed or assigned their property to one Columbar. This, of course, refers to the note and chattel mortgage in favor of Columbar, and to support the charge it must be shown that the property was fraudulently conveyed so as to hinder and delay defendants' creditors. The evidence of defendants was to the effect that the mortgage to Columbar was given in good faith to secure a note for a year's rent on 200 acres of land. Accepting this as true, it will not be insisted, we take it, that this evidence was not of sufficient substantiality to take the case to the jury on the question of fraudulent conveyance of the property, so as to hinder or delay creditors."

From the foregoing it appears that while the defendants Kibble were in straightened financial circumstances, owing to the fact that both their land and their registered cattle were mortgaged for sums in excess of their value, they gave a chattel mortgage on all their remaining property to their father, purporting to secure rent on land which he leased, or had leased, to them. The issue for the jury on the plea in abatement was whether defendants in giving this chattel mortgage "fraudulently conveyed or assigned their property or effects, so as to hinder or delay their creditors." With respect to the evidence offered on the issue the opinion recites: "Plaintiff attempted to show that defendants fraudulently conveyed or assigned their property to one Columbar. This, of course, refers to the note and chattel mortgage in favor of Columbar, and to support the charge it must be shown that the property was fraudulently conveyed so as to hinder and delay defendants' creditors. The evidence of defendants was to the effect that the mortgage to Columbar was given in good faith to secure a note given for a year's rent on 200 acres of land."

The instructions given by the trial court as to this issue were as follows:

(Plaintiff's Instruction 3): "You are instructed that even though you may find and believe from the evidence that the chattel mortgage given by defendant to his father-in-law Columbar was executed by defendant to secure a valid and bona-fide debt due from defendant to his father-in-law Columbar and that said Columbar may have acted throughout said transaction in good faith, yet if you find that

any part of the purpose of defendant in making said chattel mortgage was to keep off his creditors or to hinder or delay them or any of them in collecting their debts against him, or to cover up his property from them your verdict will be for plaintiff sustaining the attachment herein.''

(Defendants' Instruction 4): ''The court instructs the jury that before you can find the defendants have fraudulently conveyed or assigned their property or effects, so as to hinder or delay their creditors, you must find that the defendant or defendants have fraudulently assigned or conveyed their property or effects or some part thereof, for the purpose at the time of the assignment of defrauding, hindering or delaying their creditors.'' The Court of Appeals held that defendants' Instruction 4 was properly given, and that is the ruling complained of here.

The specific criticism of the instruction is, that it makes an *intent* to hinder or delay creditors a necessary element of a fraudulent conveyance; whereas, under the attachment statute it is only necessary that property be fraudulently conveyed, *so as* to hinder or delay creditors. It is said that the ruling of the Court of Appeals approving the instruction contravenes two decisions of this court: Reed v. Pelletier, 28 Mo. 173, and State v. O'Neill, 151 Mo. 67. The first dealt with a chattel mortgage given on a stock of merchandise, where it was alleged there was a collateral agreement between the mortgagee and mortgagor whereby the latter was permitted to remain in possession and continue selling in the usual course of business. It was held that such agreement rendered the conveyance fraudulent as a matter of law, regardless of the intent of the parties. In that connection it was said:

''The term fraud, as understood in the statute concerning fraudulent conveyances, has the same meaning in the attachment law, and it is not necessary to show that the act originated in any meditated design to commit a positive fraud or to injure other persons. There are many acts not the result of intentional fraud which the law, nevertheless, from their tendency to deceive other persons, or from their injurious consequences to the public, prohibits as being within the same reason and mischief as actual fraud. And whatever, by the judgment of the law, is denounced as fraudulent must be regarded in the same light in reference to an act or transaction which is made the ground of an attachment; and if the act charged to have been committed is fraudulent, actual or constructive, it will be inferred that the party intended its natural and ordinary results should follow.''

In State v. O'Neill, which also involved a chattel mortgage on merchandise, the fraud charged consisted of an agreement between the mortgagee and the mortgagor that the latter might remain in posses-

sion and continue selling in the usual course of business, and that the mortgage should be withheld from record in order that his credit might not be injured thereby. This agreement was held to render the mortgage fraudulent as a matter of law. In that connection Bump on Fraudulent Conveyances was quoted approvingly, as follows:

"There is no difference in principle between fraud in fact and fraud in law. Where the direct and inevitable consequence of an act is to delay, hinder or defraud creditors, the presumption at once conclusively arises that such illegal object furnished one of the motives for doing it, and it is thus upon this ground held to be fraudulent. . . . The statute refers to a legal and not a moral intent, for one man's right does not depend on another man's moral sense. The moral sense is much stronger in some men than in others. The statute, theretofore, supposes that everyone is capable of perceiving what is wrong, and if one does what is forbidden, intending to do it, he is not allowed to say that he did not intend to do a forbidden act. . . . Fraud, therefore, does not necessarily impute a corrupt or dishonorable motive. . . . But the law does not sanction any contrivance for either defeating or delaying creditors, and invalidates such contrivances without regard to the motives of the parties."

While the motive which actuates the making of a fraudulent conveyance which results in hindering or delaying the grantor's creditors is wholly immaterial, yet the conveyance must be *fraudulent,* in law or in fact, if it constitutes a ground for attachment under the seventh clause of Section 1725, Revised Statutes 1919. In the case before the Court of Appeals there were no facts, so far as the opinion discloses, from which the law would draw the conclusion that the chattel mortgage was fraudulent regardless of the actual intention of the parties. If it was given in good faith to secure a valid indebtedness, then it was not fraudulent, even though it incidentally operated to hinder or delay the mortgagors' creditors. [Hazel v. Bank, 95 Mo. 60.] If on the other hand it was given for the purpose of covering up the mortgagors' property or putting it beyond the reach of their creditors, it was fraudulent, although the debt described in it may have been a valid and subsisting obligation. [Klauber v. Schloss, 198 Mo. 502.] Generally speaking, a conveyance is not fraudulent as to creditors unless it was executed with the intent to hinder or delay them in the collection of their debts. There are certain well known facts and circumstances which give rise to a presumption of fraudulent intention. In some instances the presumption is merely prima-facie and may be rebutted; in others it is conclusive. [12 R. C. L. 537; Matthews v. Thompson, 186 Mass. 14.] As already stated, the facts disclosed by the record under review do not create a presumption of fraudulent intent; it was therefore a

question of fact to be determined by the jury whether the defendants "conveyed their property . . . for the purpose . . . of defrauding, hindering or delaying their creditors."

The ruling of the Court of Appeals is not in conflict with any decision of this court to which our attention has been called. It follows that our writ should be quashed. It is so ordered. All concur, except *Graves, J.*, absent.